Eastern District of Kentucky
**F I L E D**

NOV 1 2 2019

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION
## ASHLAND

**CRIMINAL ACTION NO. 15-13-DLB**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**V.**                            **PLEA AGREEMENT**

**RANGER LACY**                                          **DEFENDANT**

\*   \*   \*   \*   \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2). Pursuant to Rule 11(c)(1)(A), the United States will move to dismiss Count 2 at sentencing. The Defendant will also admit and agree to the forfeiture allegation in the Indictment.

2. The essential elements of Count 1 are:

(a) The Defendant knowingly distributed a visual depiction in interstate commerce;

(b) The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

(c) The visual depiction is of a minor engaging in sexually explicit conduct; and

(d) The Defendant knew at least one of the performers in the visual depiction was a minor, and that the visual depiction was of a minor engaged in sexually explicit conduct.

R.L.

3. As to Count 1, the United States could prove the following facts that establish

the essential elements of the offense beyond a reasonable doubt, and the Defendant

admits these facts are true:

(a) On or about November 7, 2012, a member of the Kentucky Internet
Crimes Against Children (ICAC) task force successfully downloaded files
depicting minors engaged in sexually explicit conduct from an IP address located
in Morehead, Kentucky, using a peer-to-peer file sharing network. An
administrative subpoena to the internet service provider (ISP) revealed the
Defendant's mother as the subscriber, along with an address, located in Hill Top
Estates, in Morehead, Rowan County, Kentucky.

(b) Between November 2, 2012 and December 19, 2012, the ICAC
investigator observed that the IP address listed above advertised approximately
10,000 sexually explicit images of minors available for sharing—and these images
were shared with other users.

(c) On December 20, 2012, a search warrant was executed on the Hill Top
Estates address. The Defendant resided there with his mother. The Defendant's
laptop and computer equipment was examined and the images/files specified in
the Indictment were located, along with over 10,000 images depicting minors
engaged in sexually explicit conduct.

(d) The Defendant knew that the images depicted minors engaged in
sexually explicit conduct, and knew that his laptop computer was configured to
share those files with others through a peer-to-peer sharing network.

4. The maximum statutory punishment for Count 1 is not less than 5 and not more

than 20 years' imprisonment, a fine of not more than $250,000, and not less than 5 years

nor more than lifetime supervised release. A mandatory special assessment of $100

applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the

time of the entry of the plea. An additional mandatory special assessment of $5,000

applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain

R.L

offenses, including those in chapter 117 (which includes the offense to which the Defendant is pleading guilty).  The Court may also order restitution.

5.  Pursuant to Rule 11(c)(1)(B), the parties recommend the following sentencing guideline calculations, and they may object to or argue in favor of other calculations. These recommendations do not bind the Court.

(a)  United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual, determines the Defendant's guidelines range.

(b)  Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes, but is not limited to, the facts outlined in paragraph 3.

(c)  Pursuant to U.S.S.G. § 2G2.2(a)(2), the base offense level is 22;

(d)  Pursuant to U.S.S.G. § 2G2.2(b)(2), increase by 2 levels because the material involved children under 12 years of age;

(e)  Pursuant to U.S.S.G. § 2G2.2(b)(3)(F), increase by 2 levels because the offense involved distribution other than distribution otherwise described;

(f)  Pursuant to U.S.S.G. § 2G2.2(b)(4), increase by 4 levels because the material portrayed sadistic conduct or depictions of violence;

(g)  Pursuant to U.S.S.G. § 2G2.2(b)(6), increase by 2 levels because the offense involved the use of a computer;

(h)  Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), increase by 5 levels because the offense involved over 600 images;

(i)  Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility.  If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty; and

R.L.

(j)  Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing. The Defendant agrees to pay restitution equal to the loss caused to any victim of the offense of conviction (Count 1), as well as any victims whose images are contained in the dismissed count, pursuant to 18 U.S.C. §§ 2259, 3663 and 3663A. This agreement by the Defendant is applicable only for identified victims who request restitution on or before the date of the sentencing hearing.

6.  No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7.  The Defendant waives the right to appeal the guilty plea, conviction, and any sentence that is within or below the advisory Guideline range as finally determined by the Court.  Except for ineffective assistance of counsel claims, the Defendant also waives the right to collaterally attack the guilty plea, conviction, and sentence.

8.  The Defendant may argue for departures and/or variances from the guideline calculation as determined by the Court, and the United States is free to oppose any such request(s).

9.  The Defendant will forfeit to the United States all interest in any personal property that was used to commit or promote the commission of the offense, and will execute any documents necessary for this forfeiture.  The Defendant agrees that this property is subject to forfeiture because there is a nexus between the property and the offense.

10.  The Defendant understands that after his release from prison he will be required to register as a sex offender as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).  The Defendant also understands that, independent of supervised

R.L.

release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. Upon release, the Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he must keep his registration current and notify the sex offender registry of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant understands that he is subject to criminal penalties for failure to comply with such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

11. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs. The Defendant agrees that any unpaid penalty will be submitted to the United States Treasury for offset. If the Defendant fails to comply with any of the provisions of this paragraph, the United States will not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the

R. L.

Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violation of federal law, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document and its sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has made no other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 11/12/19          By: _____
                             Wade T. Napier
                             Assistant United States Attorney

Date: 11-04-19          _____
                        Ranger Lacy
                        Defendant

R.L.

Date: _11- 4- 19_


_____
Jeremy Clark
Attorney for Defendant

R.L.